JANET WINSOR *vs.* KENNETH MANNING. No. 88-P-509. March 20, 1989. *Probate Court,* Jurisdiction. *Divorce and Separation,* Modification of judgment, Foreign judgment, Child support.

The defendant (father), a Massachusetts resident, concedes, correctly, that the Probate Court, having personal jurisdiction over both parties, also had subject matter jurisdiction, at least under G. L. c. 208, § 37, as amended by St. 1982, c. 642, § 2, to modify the support provision of a divorce judgment entered in 1978 by a Connecticut court (which had jurisdiction over both parties) despite the fact that the children, like the plaintiff (mother), are residents of that State. Contrast G. L. c. 208, § 29. It is true that the exercise of such jurisdiction presents a question of discretion for the judge, who may decline to assume jurisdiction where practical considerations and fairness to the parties suggest that an out-of-State forum is better situated to conduct a trial and dispose of the matter. See *Doe* v. *Roe*, 377 Mass. 616, 618-619 (1979); *Murphy* v. *Murphy*, 380 Mass. 454, 458-459 (1980). The judge could properly have concluded in this case that the father's presence in Massachusetts and the difficulty a Connecticut court would have in enforcing any judgment, coupled with the wife's willingness to proceed here, warranted taking jurisdiction. Presumptively one is not seriously inconvenienced by being made to respond in a court of his State of residence. (Contrast *Doe* v. *Roe, supra,* where a Massachusetts father filed a complaint in a Massachusetts Probate Court against the New Hampshire mother to determine his visitation rights with respect to his New Hampshire child.) Although there was some inconclusive discussion about the greater practicality of securing certain psychiatric records of one of the children in Connecticut, the expense involved in that treatment was mentioned only in passing and only in general (i.e., without specification of cost). Each party doubted the other's financial statement, but neither seemed prepared to undertake a serious inquiry to substantiate his doubts. The judge could properly consider that the case had been pending for a year when the request for dismissal was first raised.

It is true, also, that § 37 permits modification of a foreign divorce judgment "only to the extent it is modifiable or alterable under the laws of [the] foreign jurisdiction"; but, as the husband failed to demonstrate that the law of Connecticut differed in any material particular from that of Massachusetts, the judge was justified in proceeding on the assumption that

it was not significantly different. See *Hanson* v. *Hanson*, 287 Mass. 154, 157 (1934); *Alropa Corp.* v. *Bloom*, 311 Mass. 442, 445 (1942).

The decisions in *Pemberton* v. *Pemberton,* 9 Mass. App. Ct. 9, 14 (1980), and *Binder* v. *Binder*, 7 Mass. App. Ct. 751, 756 (1979), do not require us to conclude that the mother's divorce from her second husband and the effects of inflation on the cost of raising children (one of whom is now a sophomore at a private college) as matter of law may not be considered with other factors in determining whether there has been a change in her circumstances since the divorce judgment was entered ten years ago.

*Judgment affirmed.*

*Donald T. Coblentz* for Kenneth Manning.
*Warren S. Heller* for Janet Winsor.