IAN C. GREEN & another[1] *vs.* MANHATTANVILLE COLLEGE.

No. 94-P-1683.

Norfolk. June 8, 1995. - February 22, 1996.

Present: SMITH, JACOBS, & IRELAND, JJ.

*Jurisdiction,* Long-arm statute, Personal, Forum non conveniens.

A Superior Court judge did not abuse her discretion in determining under the doctrine of forum non conveniens set forth in G. L. c. 223A, § 5, that New York was a more convenient forum for the trial of contract and tort claims brought by Massachusetts plaintiffs against a New York corporation, for activity of the corporation occurring solely in New York to which the law of New York applied. [78-80]

Plaintiffs, who timely brought an action in Massachusetts and who, by the time a Superior Court judge ruled that New York was a more convenient forum, were time barred from bringing the same claims in New York, were thereby deprived of a forum: the judgment of dismissal was to be conditioned, under G. L. c. 223A, § 5, on the defendant's waiving any time bar defense in a similar suit to be brought in New York premised on a filing date after the timely filing date in Massachusetts. [80-82]

CIVIL ACTION commenced in the Superior Court Department on April 30, 1993.

The case was heard by *Regina L. Quinlan,* J., on a motion to dismiss.

*Mitchell J. Sikora, Jr. (James E. Fitzgerald* with him) for the plaintiffs.

*Kathleen E. Nelson* for the defendant.

JACOBS, J. The plaintiffs, father and son, live in Massachusetts. Their Superior Court action against Manhattanville College (College), a New York corporation, derives from the College's alleged responsibility for and reaction to the beating and knifing of the son, Ian, by three of his fellow students at the College's campus in Purchase, New York, on

---

[1]William F. Green.

October 2 and October 3, 1990. The plaintiffs' complaint was entered on April 30, 1993, and the defendant was served in New York. On November 22, 1993, the defendant moved to dismiss the action for lack of personal jurisdiction over the College, or, in the alternative, on the ground of forum non conveniens. Although the motion and the plaintiffs' opposition were filed with the court in November, 1993, the motion was not heard until June 23, 1994, after which the judge wrote the following decision on the margin of the motion document:

> "This case relates to transactions in New York. It is controlled by New York law. Sources of proof with the exception of the testimony of the plaintiffs are in New York. The courts of New York are required for compulsory process. Although deference is given the plaintiffs' choice of forum, the courts of New York are a more convenient, cost-effective forum. The factors demonstrating the greater convenience of New York courts outweigh any interest of the Commonwealth in this action. Therefore, the Motion to Dismiss is Allowed. See *Joly v.* Albert Larocque Lumber Ltd., 397 Mass. 43, 44-45 (1986)."

The plaintiffs appeal from the ensuing judgment of dismissal.

1. *Jurisdiction.* Notwithstanding that the defendant raised the issue of personal jurisdiction; that the plaintiffs submitted affidavit evidence of the defendant having transacted "business" within the Commonwealth; and that the parties filed memoranda as to whether the defendant fell within G. L. c. 223A, the Massachusetts long-arm statute, the judge did not advert to the issue in her decision nor have the parties argued it to us. In that circumstance, it suffices to note that there is ample uncontroverted evidence in the record to support jurisdiction over the defendant pursuant to G. L. c. 223A, § 3(*a*), and to satisfy due process requirements. See *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979); *Tatro* v. *Manor Care, Inc.*, 416 Mass. 763, 767-774 (1994); *Hahn* v. *Vermont Law Sch.*, 698 F.2d 48 (1st Cir. 1983).[2] Moreover, we conclude that the judge, by basing her allowance of the

[2]General Laws c. 223A, § 3, provides in pertinent part that "[a] court may exercise personal jurisdiction over a person . . . as to a cause of ac-

motion to dismiss on convenience grounds, implicitly determined that personal jurisdiction had been established. "Consideration of a motion based on forum non conveniens involves a decision to decline jurisdiction which is constitutionally permissible when another State is better situated to deal with the matter." *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 109 n.10 (1980).

2. *Forum non conveniens.* With personal jurisdiction over the nonresident defendant being dependent on the reach of G. L. c. 223A, it follows that in our review of the judge's decision we look to G. L. c. 223A, § 5, the legislative formulation of the doctrine of forum non conveniens contained within our long-arm statute. That section provides:

> "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

Even with its recitation of a "broad standard" involving "the interest of substantial justice," *W.R. Grace & Co.* v. *Hartford Acc. & Indem. Co.*, 407 Mass. 572, 578 n.9 (1990), we are unaware of any basis for concluding that the statutory form differs significantly from the common law doctrine.[3] See *Universal Adjustment Corp.* v. *Midland Bank, Ltd.*, 281 Mass. 303, 313 (1933) ("Stated succinctly, the principle is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum").

We draw the relevant decisional factors from the plaintiffs' uncontroverted affidavits and their complaint. They allege

tion . . . arising from the person's (*a*) transacting any business in this commonwealth. . . ."

[3]The doctrine of forum non conveniens was recognized in our common law long before the adoption of G. L. c. 223A, inserted by St. 1968, c. 760. See, e.g., *Universal Adjustment Corp.* v. *Midland Bank, Ltd.*, 281 Mass. 303, 312-322 (1933). It retains its vitality outside of the statute. See *Kearsarge Metallurgical Corp.* v. *Peerless Ins. Co.*, 383 Mass. 162, 168-169 (1981); *Joly* v. *Albert Larocque Lumber, Ltd.*, 397 Mass. 43, 44-45 (1986); *W.R. Grace & Co.* v. *Hartford Acc. & Indem. Co., supra* at 577-578; *Minnis* v. *Peebles*, 24 Mass. App. Ct. 467, 469-474 (1987); *Walton* v. *Harris*, 38 Mass. App. Ct. 252, 257-258 (1995).

that the defendant admitted as students three basketball players, one or more of whom was known to the College to have "had a history and propensity for violent misconduct"; on October 2 and October 3, 1990, at or near a dormitory of the defendant, these three students beat and kicked Ian and one of them slashed his forehead and scalp with a razor knife; several students took Ian to a nearby hospital where he was X-rayed and received stitches; he was interviewed by local police, filled out reports for the local police and the defendant's campus police; Ian's three assailants were successfully prosecuted in a New York court by the District Attorney for Westchester County; the defendant "took no effectual disciplinary action" against the three assailants and permitted them to continue to reside in the same dormitory as Ian after the attack; the three students along with "their friends, especially members of the basketball team," participated in a campaign of harassment against Ian for a number of weeks. The plaintiff, William Green, received no response from the defendant to his request for security for his son; and, "[a]s the proximate result of the harassment and of the College's failure to take action against it, Ian found it necessary to leave Manhattanville at the end of the semester."

In their complaint, the plaintiffs allege (1) negligent and wilful, wanton, and reckless failure to provide adequate security to Ian; (2) intentional infliction of severe emotional distress; and (3) breach of contract to furnish adequate security. They seek compensatory damages and "all punitive damages authorized by New York law."

Notwithstanding that the record before us is the same as that before the judge, we do not engage in independent review but rather, in pursuit of the policy of discouraging dilatory appeals, follow the "apparently universal rule" of applying an abuse of discretion standard to the decision below. *W.R. Grace & Co.* v. *Hartford Acc. & Indem. Co.*, 407 Mass. at 584. The guiding principle of the analysis is that "the plaintiff[s'] choice of forum should rarely be disturbed" unless the balance of both private and public concerns strongly favors the defendant's motion. *New Amsterdam Cas. Co.* v. *Estes*, 353 Mass. 90, 95 (1967), quoting from *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 508-509 (1947). The balancing decision is not governed by formula but "depends greatly on the specific facts of the proceeding." *W.R. Grace & Co.* v. *Hartford Acc. & Indem. Co., supra* at 577.

The judge's decision properly reflects consideration of three recognized private factors, "ease of access to proof, the availability of compulsory process, and the cost of attendance of witnesses." *Id.* at 578. Her conclusion that these factors favor trial in New York is strongly supported by the facts in the record. All the matters complained of by the plaintiffs occurred in New York. With the exception of the plaintiffs, all of the prospective event witnesses and any contemporaneous records made of those events would be found in New York at the time of trial. In terms of ease of access to proof, the balance heavily favors trial in New York. If compulsory process is needed to obtain the presence at trial of the students who attacked and harassed Ian or of any employees of the defendant who may no longer be affiliated with it, it is likely available only through New York courts. The plaintiffs' suggestion that depositions of these persons produced in a Massachusetts trial would be as advantageous to the defendant as their live testimony in a New York trial is specious. Also, in light of the location in New York of most, if not all, of the evidence which would test or support the plaintiffs' version of the matters complained of by them, the judge's inference of cost effectiveness is more than reasonable.

No quarrel is taken with the judge's conclusion that the case is controlled by New York law. Although not expressed by the judge, it is self-evident that if punitive damages, as requested by the plaintiffs, are available under New York law, New York judges would have less difficulty in applying that law than would Massachusetts judges to whom the concept of punitive damages in ordinary tort and contract actions is unfamiliar under our law. Cf. *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 813 (1991); Nolan & Sartorio, Tort Law § 249, at 422 (1989 & Supp. 1996).

We are unpersuaded by the plaintiffs' unsupported argument that cases such as theirs will be disposed of more expeditiously in the Superior Court than in the trial courts of the State in which the adversary institution is located. We determine that the balance of public and private considerations is tilted heavily in favor of trial in New York and conclude, therefore, that the judge did not abuse her discretion on the issue of convenience.

3. *Deprivation of forum.* The plaintiffs argue that their tort claims, and perhaps their contract claims, were time barred

under New York statutes and case law as of the time of the judge's decision and that they, therefore, effectively have been deprived of a forum in both New York and Massachusetts.[4] The defendant contends that the plaintiffs have waived this argument by not having raised it in the Superior Court. We do not accept fully the plaintiffs' response that the argument was unavailable to them because the applicable statute had not run at the time they were required to respond to the motion to dismiss, especially in light of their right to seek leave to supplement their opposition pursuant to Superior Court Rule 9A(a)(3). However, the interests of justice weigh strongly in favor of considering the issue, although the plaintiffs might not otherwise be entitled to review. *Cruz* v. *Commissioner of Pub. Welfare*, 395 Mass. 107, 111-112 (1985). *Wilcox* v. *Riverside Park Enterprises, Inc.*, 21 Mass. App. Ct. 419, 423 (1986), rev'd on other grounds, 399 Mass. 533 (1987). See *Satkowiak* v. *Chesapeake & Ohio Ry.*, 106 Ill. 2d 224, 225 (1985) ("[A] dismissal would be improper . . . where the statute of limitations has run in the alternate forum and the moving party will not agree to waive the statute"). In view of the apparently timely filing of this action in Massachusetts, the defendant is not unfairly prejudiced by our consideration of the issue of deprivation of forum.

"The implication [of G. L. c. 223A, § 5,] is that there should be another forum available." *W.R. Grace & Co.* v. *Hartford Acc. & Indem. Co.*, 407 Mass. at 578 n.9. The possibility that the plaintiffs' action, timely commenced in Massachusetts, may be barred in New York is a circumstance that should not be ignored when a dismissal on grounds of relative convenience is contemplated. See *Minnis* v. *Peebles*, 24 Mass. App. Ct. 467, 473 (1987). Of the factors to be considered in a forum non conveniens analysis, the availability of another suitable forum has been described as the "most important." 21 C.J.S. Courts § 69, at 87 (1990).

The provision in G. L. c. 223A, § 5, permitting the imposition of "any conditions that may be just" reasonably should

---

[4]The plaintiffs cite to N.Y.Civ.Prac. L. & R. 214 (McKinney 1990) (three-year limitation for actions to recover damages for personal injury), and *Erickson* v. *YMCA of Nyack*, 108 A.D.2d 720 (N.Y. 1965) (the three-year limitation applies if the claim is based on a personal injury, notwithstanding that the claim is characterized by the pleader as involving a breach of contract).

be read, in the circumstances, as favoring the conditioning of the dismissal of this action on the defendant waiving, in a similar suit brought against it by the plaintiffs in New York, any time bar defense premised on the suit being brought after April 30, 1993, the day the complaint was entered in this action. See Brown, A Long Arm Statute for Massachusetts, 12 Boston Bar Journal, No. 8, at 15 (1968).

4. *Order.* The case is remanded, and the judgment of dismissal is to be modified by conditioning it in accordance with this opinion and, as so modified, is affirmed.

*So ordered.*