Giles, J.
Plaintiffs, Jeffery Pratt and Katherine R. Pratt, husband and wife, are residents of the Town of Hampton, Rockingham County, New Hampshire. They have filed claims against defendants, Park Construction Corporation (“Park Construction”) and Beaver Builders, Inc. (“Beaver Builders”) (collectively “defendants”) alleging negligence (Count I) and loss of consortium (Count II) arising from an accident involving injuries to Jeffrey Pratt. Park Construction now moves to dismiss the complaint based on Mass.R.Civ.P. 12(b)(2) (lack of personal jurisdiction); Beaver Builders moves to dismiss based on Mass.R.Civ.P. 12(b)(9) (pendency of a prior action in a court of the Commonwealth),[1] and Mass.R.Civ.P. 19(b) (failure to join an indispensable party);[2] and both defendants move, in the alternative, to dismiss based on G.L.c. 223A, §5 (forum non conveniens). For the reasons discussed below, defendants’ motions are ALLOWED.

BACKGROUND

Beaver Builders is a Massachusetts corporation with a principal place of business in the Town of Newton, Middlesex County, Massachusetts. Beaver Builders was a contractor for the Mall of New Hampshire construction project (“the project”) in the Town of Manchester, New Hampshire. Park Construction is a New Hampshire corporation with a principal place of business in the Town of Fitzwilliam, Cheshire County, New Hampshire. Park Construction was a contractor for the project.
Jeffrey Pratt was an electrician employed by Electrical Dynamics, Inc, a sub-contractor on the project. On or about August 8, 1996, Jeffrey Pratt’s left hand was crushed while working at the Mall of New Hampshire project when he tried to remove a manhole cover. Katherine Pratt, Jeffrey Pratt’s wife, claims a loss of consortium arising out of his injuries.

DISCUSSION

In order for this court to assert personal jurisdiction over a defendant: 1) the Massachusetts longarm statute, G.L.c. 223A, must be satisfied; and, 2) the due process requirements of the United States Constitution must be fulfilled. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). The plaintiff has the burden of proving personal jurisdiction over a defendant. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). The court considers the facts in a light most favorable to the plaintiff, see Tatro v. Manor Care, Inc., 416 Mass. 763, 765 (1994), and “accept(s) as true the uncontroverted facts that appear in the material presented to the Superior Court.” Conn. Nat’l Bank v. Hoover Treated Wood Products, Inc., 37 Mass.App.Ct. 231, 233 (1994) (citations omitted).
Plaintiffs rely on section 3(a) of G.L.c. 223A, which provides: “[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s . . ., transacting any business in this commonwealth . . .” Park Construction argues that personal jurisdiction in Massachusetts is not proper because it is a New Hampshire corporation without sufficient contact with Massachusetts and moves pursuant to Mass.R.Civ.P. 12(b)(2) to dismiss plaintiffs’ claims.
A Rule 12(b)(2) motion may be decided on the basis of the facts alleged in the complaint, uncontroverted facts set forth in the parties’ written materials, and affidavits. Kleinerman v. Morse, 26 Mass.App.Ct. 819, 821 n. 4 (1989) (stating “there is procedural leeway” in determining a motion to dismiss for lack of personal jurisdiction over the defendant). Here, the documents before the court are the complaint and the memoranda of the parties. None of the parties has submitted affidavits.
In the complaint, plaintiffs admit that ”[d]efendant, Park Construction Corp., is a New Hampshire corporation with a principal place of business in Fitzwilliam, Cheshire County, State of New Hampshire.” Nowhere in the complaint do they assert that Park Construction subjected itself to Massachusetts jurisdiction by transacting business in Massachusetts. Further, as discussed above, plaintiffs have submitted no other material to support the proposition that the Commonwealth has personal jurisdiction over Park Construction.[3] Therefore, plaintiffs have not met their burden of showing that the Commonwealth has personal jurisdiction over Park Construction, and, as such, their claims against Park Construction should be dismissed.
Defendant Beaver Builders moves for dismissal based on forum non conveniens pursuant to G.L.c. 223A, §5, which states, ”[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that *759 may be just.” A “decision whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the .court.” W.R. Grace & Co. v. Hartford Accid. & Indem. Co., 407 Mass. 572, 577 (1990) (citations omitted); see Kearsage Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 169 (1981).
Although, generally, a plaintiffs choice of forum should not be disturbed, dismissal is appropriate where the balance of public and private factors dictate that a different forum serves the interest of substantial justice. W.R. Grace & Co., 407 Mass. at 577-79; Kearsage Metallurgical Corp., 383 Mass. at 169. The private factors to be considered are the ease of proof, the availability of compulsory process, and the cost of attendance of witnesses. Green v. Manhattanville College, 40 Mass.App.Ct. 76, 79 (1996). Here, plaintiffs allege that the negligence of Beaver Builders and Park Construction caused injury to Pratt’s left hand and that the injury occurred in New Hampshire. This court has no power of compulsory process over Park Construction, its employees, or other potential witnesses from the state of New Hampshire.
The public factors to be considered are the administrative burden placed upon the forum by litigation that originates in another forum and whether it is desirable to try a case in a forum that is not at home with the governing law. W. R. Grace & Co., 407 Mass. at 578. Regardless of which forum’s law is applied, continuing this action against Beaver Builders in Massachusetts without Park Construction will result in parallel proceedings occurring in Massachusetts and New Hampshire. Conversely, dismissal of the complaint against Beaver Builders in this forum will eliminate duplicative efforts of the parties and the forums and also will eliminate the possibility of inconsistent judgments occurring in separate forums. See id.
Based on the inability of this forum to exercise compulsory process over a New Hampshire defendant and witnesses, and in the interest of avoiding duplica-tive litigation and eliminating the possibility of inconsistent judgments, substantial justice dictates that the claims against Beaver Builders be dismissed pursuant to G.L.c. 223A, §5, forum non conveniens.[4]

ORDER

For all the foregoing reasons, it is hereby ORDERED that the motions to dismiss of defendants, Park Construction and Beaver Builders, are ALLOWED.

Mass.R.Civ.P. 12(b)(9) is not applicable because there is no prior action pending in a court of the Commonwealth. There is, however, an action pending in New Hampshire.

lt is unnecessary to address Beaver Builders’ argument based on Mass.R.Civ.P. 19(b) due to the disposition of this case pursuant to G.L.c. 223A, §5.

Plaintiffs argue in their memorandum that this court has jurisdiction over Park Construction because of a contract between it and Beaver Builders which, according to plaintiffs, contains a choice of law clause favoring the Commonwealth and an indemnification clause. Plaintiffs, however, have submitted no admissible evidence in support of this argument. Further, the bare existence of a contract containing a choice of law clause favoring the forum and an indemnification clause are not enough to establish the minimum contacts necessary to confer jurisdiction on an out of state defendant. See Droukas v. Drivers Training Academy, Inc., 375 Mass. at 156 and “Automatic” Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 445 (1972) (both citing Agrashell Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2d Cir. 1965) (superseded by statute on other grounds)).

Implicit in a motion for dismissal based on forum non conveniens is the requirement that another more appropriate forum exist. Green, 40 Mass.App.Ct. at 81. Here, New Hampshire is available and, in fact, plaintiffs have filed this same suit against Beaver Builders in New Hampshire. Bearing this in mind, dismissal based on forum non conveniens in favor of Beaver Builders is conditioned upon Beaver Builders waiving any defense to personal jurisdiction in New Hampshire which may exist.