van Gestel, J.
This matter comes before the Court on the motion to dismiss by the defendant, Fernando Ramirez-Mireles (“Ramirez-Mireles”). The motion is grounded on the doctrine of forum non conveniens and its legislative formulation found in G.L.c. 223A, Sec. 5.

BACKGROUND

The plaintiff, Aware, Inc. (“Aware”), is a Massachusetts corporation based in Bedford. Aware also maintains an office in Lafeyette, California.
In October 1999, Ramirez-Mireles, a Mexican citizen residing in California,' was offered and accepted a position with Aware in its California office. In February 2001, Ramirez-Mireles quit his job at Aware and accepted a position with Ikanos Communications, a California based business.
While employed by Aware, Ramirez-Mireles signed a trade secret non-disclosure and non-competition agreement. This lawsuit by Aware seeks to enforce this agreement.
During the entire time of his employment at Aware, Ramirez-Mireles lived in California and worked out of Aware’s California office. Although he communicated regularly with Aware employees in Massachusetts, Ramirez-Mireles was only in the Commonwealth two or three days, for training and executing employment related papers.
Ikanos Communications has its only place of business in California and does no business in Massachusetts.

DISCUSSION

When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.
G.L.c. 223A, Sec. 5. This is the Massachusetts legislative formulation of the doctrine of forum non conveniens contained within the longarm statute. Green v. Manhattanville College, 40 Mass.App.Ct. 76, 78 (1996).
The doctrine of forum non conveniens has been a part of the common law in Massachusetts for many years. There is nothing in the statute that differs from the common law doctrine. Id. “Stated succinctly, the principle is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum.” Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303, 313 (1933).
“The guiding principle of the analysis is that ‘the plaintiffls’] choice of forum should rarely be disturbed’ unless the balance of both private and public concerns strongly favors the defendant’s motion... The balancing decision is not governed by formula but ‘depends greatly on the specific facts of the proceeding.’ ” Green, supra, 40 Mass.App.Ct. at 79.
While perhaps not heavily, the balance definitely tilts in favor of Ramirez-Mireles on the private factors of ease of access to proof, the availability of compulsory process, and the cost of attendance of witnesses. *258 All of what Ramirez-Mireles did for Aware was in California, all of what he is doing now at Ikanos Communications is in California, he resides in California now and did so throughout his employment by Aware, and many witnesses are located in California. Id. at 80.
What makes the argument compelling to this Court are the additional factors that relate to California law. Applying Massachusetts choice-of-law rules, it seems clear that California law should be applied. See, e.g., Roll Systems, Inc. v. Shupe, 1998 U.S. Dist. LEXIS 3142, at *5 (D.Mass. 1998).
In quite sharp contrast with the common law in Massachusetts, Section 16600 of the California Bus. & Prof. Code reflects a strong public policy of the State of California to ensure that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice. Section 16600 has specifically been held by California courts to invalidate employment contracts which prohibit an employee from working for a competitor when the employment has terminated. Under California law, the interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employer. See, e.g., Advanced Bionics Corp. v. Metronic, Inc., 2001 WL 282649 *9 (Cal.App.2d Dist. 2001).
Some California opinions discussing Section 16600 include language suggesting that, despite the strong public policy against non-competition agreements, there may be an exception when necessary to protect an employer’s trade secrets. Neither this Court, nor the lawyers in this case, however, have been able to find a single reported opinion in which a California court actually has enforced a non-competition agreement or covenant for the purpose of protecting trade secrets. What is clear, however, is that in a conflict between the policy favoring employee mobility free of encumbering restriction and the policy favoring protection of trade secrets, employee mobility prevails in California. The theory of “inevitable disclosure” of trade secrets is not the law in California. See Bayer Corporation v. Roche Molecular System, Inc., 72 F.Sup.2d 1111, 1112 (N.D.Cal. 1999).
Thus, it seems, the first judge who decides to enter an order that will run squarely contrary to the strong public policy of the State of California, ought to be a California judge, subject to the reversal authority of the California appellate courts. This Court is ill equipped for that role.
Further, this Court should not start down the road to a possible judgment against a California resident, that seems contrary to California public policy, but will have to be enforced in some ancillary proceeding in California.

ORDER

For the foregoing reasons, this Court determines that the balance of public and private considerations is tilted heavily in favor of trial in California, not Massachusetts. The motion to dismiss on forum non conveniens grounds is, therefore, ALLOWED. Judgment of dismissal shall enter accordingly.