Mulligan, J.
The plaintiffs, Pinehurst House, Inc. (“Pinehurst”) and Tsiskos Management (“Tsiskos”) have filed this declaratory judgment action seeking to determine their rights and obligations under an insurance policy issued by the defendant, Norfolk & Dedham Mutual Fire Insurance Company (“Norfolk”). This case arises out of a dispute over insurance coverage for a slip and fall accident, which occurred in a cooperative building owned by Pinehurst and managed by Tsiskos in New York City. Norfolk has filed a motion to dismiss the plaintiffs’ third amended complaint on the basis of forum non conveniens. For the reasons set forth below, the defendant’s motion is ALLOWED.
BACKGROUND
On January 31, 2001, Caridad Holguin (“Holguin”) allegedly slipped and fell as the result of a hazardous condition on an exterior stairway at 5 Pinehurst Avenue in New York, New York. Pinehurst and Tsiskos maintained a Special Businessowners Policy (“the policy”) on the property through Norfolk. Holguin initiated a personal injury action against the plaintiff in New York on October 31, 2001. Pinehurst did not submit its claim for insurance coverage to Norfolk until January 31, 2002.
On March 3, 2002, the defendant denied coverage because it claimed that the plaintiff gave late notice of the claim. According to Norfolk, its investigation revealed that Bernardo Baez (“Baez”), the superintendent of the premises, Ely Fertullien (“Fertullien”), the President of the premises, and Kostos Tsiskakis (“Tsiskakis”), the President of Tsiskos, knew about the accident and failed to give prompt notice of the claim to Norfolk.
DISCUSSION
When jurisdiction and venue are proper, the plaintiffs’ choice of forum should rarely be disturbed, unless the balance of public and private interests strongly favors the defendant. See W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 578 (1990); Green v. Manhattanville College, 40 Mass.App.Ct. 76, 79 (1996). The private interests include ease of access to proof, the availability of compulsory process and the cost of attendance of witnesses. See W.R. Grace & Co., 407 Mass. at 578. The public factors include “administrative burdens caused by litigation that has its origins elsewhere and the desirability of the trial of a case in a forum that is at home with the governing law.” Id. This balancing depends greatly on the specific facts of the case. See id. at 577. Although the court should give deference to the plaintiffs’ choice of forum, this court determines that the balance of factors strongly favors dismissal of the complaint.
Both of the plaintiffs are New York corporations with their principal place of business in New York. With the exception of the defendant, the main *738 witnesses are residents of New York. Any records of the accident are likely to be located in New York. Since most of the evidence and witnesses are located in New York, it is more cost-effective to have the trial in New York.
Although three of the main witnesses, currently employed by the plaintiffs, have filed affidavits agreeing to appear for trial in Massachusetts, there is no way of knowing whether they will continue to be employed by the plaintiffs at the time of trial and thus be subject to compulsory process. Furthermore, the defendant denied the plaintiffs coverage based on the plaintiffs’ alleged late notice of the claim. Assuming New York law applies, “(t]he duty to give notice arises when, from the information available relative to the accident, an insured could glean a reasonable possibility of the policy’s involvement.” Paramount Insurance Co. v. Rosedale Gardens, Inc., 293 A.D.2d 235, 239-40 (N.Y.App.Div. 2002). In order to satisfy this burden, the plaintiffs will have to identify what information they had of the accident. This will require an inquiry into when and what Holguin told the plaintiffs’ agents about the accident. Holguin is a resident of New York and Holguin’s counsel has not filed an appearance on her behalf in this case. With the exception of the defendant, therefore, the main witnesses are not subject to compulsory process in Massachusetts.
The public factors also weigh in favor of dismissal of the complaint. New York law is most likely to govern the case. See W.R. Grace & Co., 407 Mass. at 586 (“[w]hether, however, there is a duty to defend or to indemnify under a nationwide comprehensive general liability policy as to such a claim . . ., should be determined by the law governing the interpretation of the insurance policy and its issuance”). Additionally, other than the defendant being a resident of Massachusetts, Massachusetts has no special relationship or interest in the issues raised in this case. The alleged underlying tort occurred in New York and the insurance policy was negotiated, executed and delivered in New York. Furthermore, since the underlying tort litigation is presently pending in New York, a trial in New York presents fewer administrative concerns. Since the balance of private and public factors strongly shows the greater convenience of New York as the forum to litigate the case, the court grants the defendant’s motion to dismiss the plaintiffs’ third amended complaint.
ORDER
For all of the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the plaintiffs’ third amended complaint is ALLOWED.