MacDonald, D. Lloyd, J.
This action stems from a complaint filed by Edmund Zampier (“plaintifF or “Zampier”), alleging sexual abuse by Very Rev. Monsignor William M. Slavin (“defendant,” “Monsignor” or “Monsignor Slavin”) and various actionable failures of supervision by the Roman Catholic Diocese of Albany (“defendant” or “Diocese”) and Bishop Howard J. Hubbard (“defendant” or “Bishop Hubbard”). Monsignor Slavin was a Roman Catholic priest in the Diocese.
According to the complaint, the sexual abuse began in 1959, when Zampier was approximately seventeen years old. At that time, Zampier was awarded the McCarthy Scholarship, a full four-year scholarship given to a Catholic high school student based on need and merit. Monsignor Slavin was the secretary of the Scholarship Committee and was thereby in charge of disbursing Zampier’s scholarship. At their first meeting, the defendant abused Zampier. On later visits, Zampier was induced to reciprocate the Monsignor’s sexual advances.
From the period of 1959 through approximately 1964, the complaint alleges that the defendant took Zampier on vacations, bringing him to Massachusetts, Vermont, and Canada. On these vacations, Monsignor *694 Slavin molested Zampier. The defendant also allegedly bought elaborate gifts for Zampier, who was from a poor family. Several times during the prolonged period of sexual abuse, Zampier asked the Monsignor to stop; however, he refused to do. Monsignor Slavin died in December 1983.
Zampier repressed his memory of the abuse due to its traumatic nature. His memory was allegedly refreshed in the last two years, through therapy, as well as consultation and confirmation with individuals with similar experiences.
In addition to claims based on Monsignor Slavin’s abuse, Mooney alleges that the Diocese and Bishop Hubbard engaged in a conspiracy to hide, protect, and allow Monsignor Slavin to sexually abuse Zampier.
Now before this Court is the Diocese and Bishop Hubbard’s motion to dismiss. The defendants contend that the complaint must be dismissed for forum non conveniens, or, in the alternative, for improper venue. Further, the defendants assert that the claims against Monsignor Slavin must be dismissed for reasons related to his death.
Legal Standard for Motion to Dismiss for Forum Non Conveniens
Under G.L.c. 223A, §5, an action may be dismissed if “in the interest of substantial justice the action should be heard in another forum.” The statutory standard offorum non conveniens is indistinguishable from the common-law standard. See Green v. Manhattanville College, 40 Mass.App.Ct. 76, 78 (1996) (noting that the court was “unaware of any basis for concluding that the statutory form differs significantly from the common law doctrine”). In determining a motion to dismiss for forum non conveniens, the court thus continues to use a two-fold inquiry: (1) whether an adequate alternative forum is available, and (2) whether private and public interests strongly favor litigating the claim in the other forum. Gianocostas v. RIU Hotels, S.A., 59 Mass.App.Ct. 753, 756-57 (2003); see also New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 95 (1967) (discussing the common-law principals of forum non conveniens). However, “(o]f all of the factors to be considered in a forum non conveniens analysis, the availability of another suitable forum has been described as the most important.” Green v. Manhattanville College, 40 Mass.App.Ct. at 81 (internal quotations omitted).
Application to the Facts
In support of their motion to dismiss for forum non conveniens, the Diocese and Bishop Hubbard contend that there is no legitimate connection between the claims raised and conduct in the Commonwealth in Massachusetts. As a result, the defendants argue that the claims should be heard in New York. In support of this contention, the defendants note that the New York courts recognize plaintiffs causes of action and is thus an adequate, suitable forum. The defendants further argue that the fact that the applicable New York statute of limitations has run has no bearing upon New York’s adequacy as a forum.
In opposition, Zampier contends substantial acts of abuse took place in Massachusetts and thus that justice would be served by allowing the case to proceed in the courts of the Commonwealth. Zampier further argues that New York is not an adequate forum because the statute of limitations has run there.
Under the first prong of this Court’s two-fold inquiry, “dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute.” Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981); see also W.R. Grace & Co. v. Hartford Acc. & Indem. Co., 407 Mass. 572, 578 n.9 (1990) (noting that “(t]he implication [of G.L.c. 223A, §5] is that there should be another forum available”). Where the statute of limitations has run in the alternative forum, that forum is thus unavailable and unpermitting of the litigation of the subject matter of the dispute. See Green v. Manhattanville College, 40 Mass.App.Ct. at 81 (“The possibility that the plaintiffs’ action, timely commenced in Massachusetts, may be barred in New York is a circumstance that should not be ignored when a dismissal on grounds of relative convenience is contemplated”), citing Minnis v. Peebles, 24 Mass.App.Ct. 467, 473 (1987).
Here, because the New York statute of limitations has run, an adequate alternative forum is not available. A dismissal of the present action on grounds of forum non conveniens, absent defendants’ waiver of the New York statute of limitations, is therefore inappropriate.
While this Court thus denies the partial motion to dismiss for forum non conveniens, it notes that choice of law analysis may still require that the New York statute of limitations be applied to some or all of plaintiffs claims. See New England Tel & Tel Co. v. Gourdeau Constr. Co., 419 Mass. 658, 664, 659 n.1, 661 (1995) (adopting the functional approach test in choice of law analysis, under which a “forum will apply its own statute of limitations permitting [a] claim unless: (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence”). However, I defer determining which statute of limitations should apply to the multiple occurrences of abuse that occurred in New York and Massachusetts at this time.
Motion to Dismiss for Improper Venue
The defendants contend that, pursuant to Massachusetts Rule of Civil Procedure 12(b)(3), the case must be dismissed for improper venue because Zamp-ier does not live in Suffolk County nor does he specifically identify what injury was suffered in Suffolk County. Pursuant to G.L.c. 223, § 1, however, if neither party to a transitory action lives in the Common *695 wealth, the action may be brought in any county. See also Bolton v. Krantz, 54 Mass.App.Ct. 193, 194 (2002) (defining a transitory action as “one that is personal in nature and involves a cause of action based upon events which could have taken place anywhere, as opposed to a local action which could only occur in a particular place, such as a controversy over the title to land’’).
Here, the action is personal in nature and could have occurred in multiple locations within the Commonwealth. Indeed, the complaint clearly alleges that incidents of abuse occurred in several different areas within the Commonwealth over a span of more than five years. Further, neither party lives in the Commonwealth. As a result, Zampier committed no error by choosing to file the action in Suffolk County.
Claims Against Monsignor Slavin
The defendants assert that the claims against Monsignor Slavin must be dismissed because the claims were not brought within one year of his 1983 death, as required by G.L.c. 197, §9. General Law chapter 197, Section 9, however, applies only to claims brought by creditors. It thus does not apply to the tort claims brought by plaintiff.
Instead, G.L.c. 230, §1 governs the instant case. That provision establishes that “(a]n action which would have survived if commenced by or against the original party in his lifetime may be commenced and prosecuted by or against his executor or administrator.” As a result, the claims against Monsignor Slavin have been properly brought.
The defendants also contend that because Monsignor Slavin is deceased, the complaint was not and could not have been properly served upon him. The plaintiff, however, has submitted an affidavit of service to this Court, which clearly indicates that the summons and complaint were served upon a person authorized to accept service on behalf of Monsignor Slavin. The defendants do not contest that the person identified in the affidavit had the authoriiy to accept service on behalf of Monsignor Slavin. As a result, this Court finds that the service was sufficient.
ORDER
For the foregoing reasons, the defendants’ motion to dismiss is DENIED.