# RESCRIPT OPINIONS.

S.W. *vs.* D.P. No. 06-P-928. January 23, 2007. *Massachusetts Child Custody Jurisdiction Act. Jurisdiction,* Custody of child, Forum non conveniens. *Probate Court,* Custody of child. *Parent and Child,* Custody of minor. *Minor,* Custody.

This appeal arises from a custody dispute involving a now six year old child who lived in Massachusetts for the first year of his life, but who has since resided in Ontario, Canada. The matters of custody, visitation, and support were initially determined by the Probate and Family Court in February, 2004, after litigation lasting more than two years. In 2005, the father, a Massachusetts resident, filed a complaint pursuant to G. L. c. 209C, § 20, for modification of the 2004 judgment. The mother moved to dismiss, arguing that, given the dispute's interjurisdictional nature, G. L. c. 209B, inserted by St. 1983, c. 680, § 1, the Massachusetts Child Custody Jurisdiction Act (MCCJA), applied and deprived the court of jurisdiction. The judge granted the mother's motion. We affirm the judgment, commenting briefly, however, on the jurisdictional issue.

*Background.* The following facts do not appear to be in dispute. The father and mother are the unmarried parents of the child, who was born in Toronto, Canada, on June 14, 2000. All three are citizens of Canada. The mother and child began residing with the father at his home in Massachusetts on July 10, 2000, and continued living there until the parents separated on August 6, 2001. Since that time, the mother and child have lived together in Ontario. At no time has either party sought a custody determination in the Canadian courts.

On February 1, 2002, the father filed a complaint for custody in the Probate and Family Court. The mother, appearing specially, challenged jurisdiction by her motion to dismiss the complaint, arguing the applicability of G. L. c. 209B, § 2, and asserting that Massachusetts was not the "home State"[1] of the child as of the date of the commencement of the action.[2] The father, in opposing the

---

[1] In relevant part, G. L. c. 209B, § 1, defines "[h]ome state" as "the state in which the child immediately preceding the date of commencement of the custody proceeding resided with his parents, a parent, or a person acting as a parent, for at least 6 consecutive months . . . . Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period."

A "State" is defined as "any state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia." *Ibid.*

[2] The mother further argued that even if Massachusetts were the child's "home State," the judge should decline jurisdiction in favor of Ontario, where the child then resided.

motion, agreed that G. L. c. 209B was applicable to the judge's decision as to the exercise of jurisdiction, but alleged, factually, that Massachusetts had been, for the prerequisite six months, the "home State" of the child and that no custody proceedings were pending in another jurisdiction. On April 17, 2002, the judge denied the mother's motion, issuing comprehensive findings and deciding that the Massachusetts court had jurisdiction and provided an appropriate and convenient forum to exercise that jurisdiction. The mother did not appeal, and after substantial interim matters, a three-day trial occurred in November of 2003. By judgment dated February ·27, 2004, physical custody was granted to the mother. Both parents were granted joint legal custody, with the father being granted liberal visitation. Since then the child has continued to reside in Ontario with the mother, while also spending significant time in Massachusetts visiting his father.

On September 14, 2005, the father filed a complaint to modify the 2004 custody judgment, alleging that the mother's frequent moves and employment changes have resulted in an unstable environment for the child, detrimentally affecting his health care and education, and resulting in emotional distress. The father further asserted that he "continues to provide a stimulating, loving and stable environment" for the child and that the child's best interests would be served by awarding physical custody to the father. The mother moved to dismiss for failure of subject matter jurisdiction, asserting that pursuant to the MCCJA, G. L. c. 209B, only a child's "home State" has subject matter jurisdiction and may issue custody determinations and that, in this case, the child's home State is Ontario.

The judge (who was also the judge in the earlier proceedings) granted the motion. The judge noted that G. L. c. 209B "is silent as to the exercise of jurisdiction by a court of this Commonwealth over a custody determination involving a child who has resided both in this Commonwealth and in another nation, in this case, Canada, when the one and only custody determination to date . . . has been rendered by a court of this Commonwealth." The judge then evaluated the appropriateness of the Massachusetts court exercising jurisdiction, utilizing the criteria in G. L. c. 209B, § 7. After so doing, he declined jurisdiction, finding that "the best interests of the child would be served if the custody dispute between the [parents] were to be filed and prosecuted in Canada."

The father argues on appeal that G. L. c. 209B does not apply in the circumstances of this case. We comment, but need not decide, that the father's argument appears to have merit. However, there was no error in the judge's determination that Canada would provide a more convenient and appropriate forum to determine the custody issue here, whether or not c. 209B applies in this matter. The doctrine of forum non conveniens has independent significance, and the judge is not precluded from declining to exercise available jurisdiction for valid reasons extant outside the parameters of G. L. c. 209B. See *Green* v. *Manhattanville College*, 40 Mass. App. Ct. 76, 78 n.3 (1996). Further, both the statute and the common law prescribe, in essence, the same analysis. See *Murphy* v. *Murphy*, 380 Mass. 454, 458-459 & n.3 (1980); *Green* v. *Manhattanville College*, *supra* at 78. "[T]he exercise of such jurisdiction presents a question of discretion for the judge, who may decline to assume jurisdiction where practical considerations and fairness to the parties suggest that an out-of-State forum is better situated to conduct the trial and

dispose of the matter." *Winsor* v. *Manning*, 27 Mass. App. Ct. 1111, 1111 (1989).

We decline to address further the principal issue articulated by the parties, that is, whether this dispute is subject to G. L. c. 209B, and whether that statute deprives the court of subject matter jurisdiction. Our decision should not be read as implying our agreement with the mother that the judge dismissed the complaint on the grounds that the Massachusetts court lacked subject matter jurisdiction, or any other argument with respect to "home State" as defined in G. L. c. 209B, § 1. Quite simply, the judge had discretion to decline jurisdiction, and he did so, and no abuse of that discretion has been shown. The fact that he utilized analytical principles from G. L. c. 209B, § 7, does not, in our view, justify a conclusion that he did anything other than properly decline jurisdiction.

The judgment dismissing the complaint is affirmed.

*So ordered.*

*Diane M. DeGiacomo* for the father.

*Veronica J. Fenton* for the mother.