Moriartv, Cornelius J., J.
Plaintiff, Metso Automation USA, Inc. (Metso), brought this action seeking a declaratory judgment that it is not liable to either Bayer Corporation or Factory Mutual Insurance Company for losses and damages allegedly sustained as a result of an explosion on July 28, 2007 in Kansas City, Missouri. Bayer Corporation (Bayer) and its insurer, Factory Mutual Insurance Company (Factory) now move to dismiss the instant action on the grounds that an action for declaratory judgment is not an appropriate vehicle for resolution of the issues, lack of personal jurisdiction and forum non conveniens. For the reasons set forth below the Motions to Dismiss are ALLOWED.
BACKGROUND
Metso, a Delaware corporation, manufactured ball valves. Bayer, a corporation existing under the laws of the Democratic Republic of Germany, owns a service company named Bayer Crop Science (Cropscience). Cropscience operates a chemical plant facility (the Facility) owned by Bayer, in Kansas City, Missouri.
On July 28, 2007 a chemical explosion occurred at the Facility which allegedly resulted in losses to Cropscience in the amount of $6,805,000.00.
*629 As of the date of the explosion, Factory, a Rhode Island corporation, was the property insurer for Bayer, and it alleges it paid Bayer’s losses regarding the explosion.
Bayer and Factory allege that the explosion was caused by defective ball valves, which were manufactured by Metso.
On June 29, 2010 Metso took the unusual step of filing the instant action seeking a declaration that it was not liable for the losses and damages sustained by Bayer and Factory as a result of the explosion.[1] Oral argument was heard on the defendants’ Motions to Dismiss on July 19, 2011.
DISCUSSION
As I allow the motions to dismiss based on the doctrine of forum non conveniens, a discussion of the other grounds advanced by the defendants is not necessary. The doctrine of forum non conveniens operates to “decline jurisdiction which is constitutionally permissible when another state is better situated to deal with the matter.” Green v. Manhattanville College, 40 Mass.App.Ct. 76, 78 (1996), rev. den., 422 Mass. 1107.
While it is true that “plaintiffs choice of forum should rarely be disturbed,” New Amsterdam Cas. Co. v. Ester, 353 Mass. 90, 95 (1967), it may be, where “the balance of both private and public concerns strongly favors the defendant’s motion.” Green at 79.
Those concerns include (1) ease of access to proof, (2) availability of compulsory process and (3) the cost of attendance of witnesses. Green at 80.
I find that these factors strongly favor a trial in Missouri. Here the valves were likely sold in Missouri. The explosion occurred in Missouri. The percipient witnesses to the explosion are likely in Missouri. A view of the Facility may be necessary and finally, records likely to prove damages are in Missouri. For these reasons the case should be dismissed on the ground of forum non conveniens.
ORDER
It is hereby Ordered that the Motions to Dismiss are ALLOWED.

Fourteen days after the filing of the instant action, Bayer and Factory filed suit in Missouri.