DENISE FORTIER JOLY, administratrix, & others *vs.* ALBERT LAROCQUE LUMBER LIMITED & another.

Suffolk. February 4, 1986. — March 6, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Jurisdiction,* Forum non conveniens.

A Superior Court judge acted properly within his discretion in dismissing, under the doctrine of forum non conveniens, an action arising from a motor vehicle accident in Massachusetts, where considerations of access to sources of proof, availability of compulsory process, cost of securing the attendance of witnesses, and enforceability of a judgment, if one were obtained, indicated that the litigation could be conducted more conveniently in a Canadian forum. [43-45]

CIVIL ACTION commenced in the Superior Court Department on August 27, 1984.

The case was heard by *John L. Murphy, Jr., J.,* on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*Joseph G. Abromovitz (Marsha A. Morello* with him) for the plaintiffs.

*Susan A. Jackson* for Albert Larocque Lumber Limited.

*Francis Leone* for Inter Can Leasing Limited.

NOLAN, J. A judge of the Superior Court allowed the defendants' motions to dismiss on the ground of forum non conveniens. We affirm.

From the complaint filed by the plaintiff, Denise Fortier Joly, as mother and next friend of Patrick and Francois Joly, and as administratrix of the estate of Pierre Joly (decedent), we are informed that the plaintiff, her children and the decedent (the plaintiff's husband) were residents of Montreal, Quebec, on October 28, 1983 (and had been for some time before that date) when a tractor-trailer in which the decedent was a pass-

enger and which was leased to and controlled by the defendant Albert Larocque Lumber Limited (Larocque) overturned on a roadway in Sandisfield, a town in Berkshire County, Massachusetts. Appropriate averments of agency, negligence, and reckless conduct in operating the vehicle were made against Larocque and the operator. Averments of negligence arising out of the maintenance and service of the tractor-trailer were also made against Inter Can Leasing Limited (Inter Can), which had leased the vehicle to Larocque. There are counts in the complaint under the death statute and for the decedent's conscious pain and suffering.

It is clear that all the plaintiffs and both defendants are residents of or located in Canada. Larocque is based in Ontario. The plaintiffs, as we have said, live in Montreal in the province of Quebec and Inter Can is based in Dorval, Quebec.

We have been called upon to decide only a few cases under the doctrine of forum non conveniens. It is a doctrine which must be applied with caution. *Lydia E. Pinkham Medicine Co.* v. *Gove,* 298 Mass. 53, 59 (1937). It does not concern jurisdiction as the so-called long-arm statute does, G. L. c. 223A, though it implicates some of the same considerations such as the nature of minimum contacts with the forum State. See *Good Hope Indus., Inc.* v. *Ryder Scott Co.,* 378 Mass. 1, 7 (1979). It is difficult to prepare a catalogue of requirements for the operation of forum non conveniens and the decision is left to the discretion of the judge. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.,* 281 Mass. 303, 318 (1933). However, among the considerations which should guide a judge are access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and the enforceability of a judgment if one is obtained. *Gulf Oil Corp.* v. *Gilbert,* 330 U.S. 501, 508 (1947).

On all these considerations, a Canadian forum would seem to be more convenient. All parties are located in Canada. It appears that the ill-fated journey originated in Canada and it was to terminate in Canada. Many witnesses are residents of Canada. Access to the defendants for discovery is promoted

by a Canadian forum. The negligence of Inter Can, if any, occurred in Canada. The tractor and trailer were registered in Canada and regularly garaged in Canada. See *Canada Malting Co.* v. *Paterson S.S., Ltd.,* 285 U.S. 413, 423 (1932). The judge considered that Quebec has a death statute of the no-fault genre. Quebec Automobile Insurance Act, Quebec Rev. Stat. C. A-25, tit. II (1977). See *Piper Aircraft Co.* v. *Reyno,* 454 U.S. 235, 250-252 (1981).

Without ignoring the interest of the Commonwealth in enforcing its traffic laws, on balance it appears that the factors tending to favor a trial in Canada far outweigh the interest of the Commonwealth as a forum for this litigation. Accordingly, we hold that the judge did not abuse his discretion in allowing the motions to dismiss.

*Judgment affirmed.*