Kottmyer, J.
Plaintiff, Papa Gino’s, Inc. (“Papa Gino’s”), brought this action alleging that the Defendant Baystate Bagels, Inc. (“Baystate”) breached a sublease of commercial property in Connecticut. Plaintiff also sued defendant Nordahl Brue (“Brue”) as guarantor of the sublease. Defendants move to dismiss the action pursuant to Mass.R.Civ.Pro. 12(b)(2) & (3) on the grounds that the court lacks personal jurisdiction over Brue and on grounds of forum non conveniens. For the reasons set forth below, defendants’ motion to dismiss is DENIED.
BACKGROUND
Papa Gino’s is a Delaware Corporation doing business in Massachusetts and Connecticut. Its corporate offices are located in Dedham, Massachusetts. Baystate is a Massachusetts corporation and is a franchisee of Brueger’s Franchise Corporation (“Brueger’s”). Baystate and Brueger’s operate bagel stores in Massachusetts and Connecticut. Brue is a controlling shareholder of Baystate. He founded and is a co-owner of Brueger’s and serves as its Chairman of the Board and Chief Executive Officer. Brue has substantial interests in many other Massachusetts corporations affiliated with Brueger’s.
In 1982, Papa Gino’s opened a restaurant at 103 Elm Street in Enfield, Connecticut, leasing the premises from Matthew C. Alaimo (“Alaimo”). In 1994, it decided to close this restaurant, and entered into negotiations to sublease the premises to Baystate. The negotiations occurred over the telephone and by letter between Papa Gino’s corporate counsel in Dedham, Massachusetts and Baystate’s and Brue’s attorneys in Vermont. These negotiations resulted in a written sublease between Baystate and Papa Gino’s guaranteed by Brue. The sublease provided that Baystate assumed all obligations Papa Gino’s owed to the lessor under Connecticut law, but did not have a separate choice of law provision. Baystate agreed to pay rent to Papa Gino’s by sending payment to its Dedham, Massachusetts office. Brue executed the guaranty in Vermont. The guaranty provides that it is governed by Massachusetts law.
Baystate had an option to renew the sublease and agreed that if it chose to continue to lease the restaurant, it would exercise the option, and would not lease the restaurant directly from Alaimo. At the end of the term, Baystate did not exercise its option to renew the sublease. As a result, Papa Gino’s did not exercise its option to renew the original lease. Papa Gino’s alleges that, instead of vacating the premises, Baystate sur *207 reptitiously leased the premises directly from Alaimo in violation of the sublease. Papa Gino’s filed this action against Baystate alleging breach of contract, breach of the covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act, and unjust enrichment and seeking damages in the amount of $298,125. Papa Gino’s also sued Brue on the guaranty. Baystate and Brue now move to dismiss for lack of personal jurisdiction over Brue and on grounds of forum non conveniens.
DISCUSSION
This court may exercise personal jurisdiction over a non-resident defendant if the assertion of jurisdiction is (1) authorized by the state’s long arm statute codified at Massachusetts General Laws, Chapter 223A, Sections (a)-(h); and (2) is consistent with the basic due process requirements mandated by the United States Constitution. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Morrill v. Tong, 390 Mass. 120, 129 (1983); Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979); Beaulieu v. Beaulieu, 46 Mass.App.Ct. 850, 851 (1999). When a defendant challenges the assertion of personal jurisdiction under Massachusetts Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts on which jurisdiction is based. Morrill, 390 Mass. at 129; Good Hope Indus., Inc., 378 Mass. at 3; Stanton v. AM Gen. Corp., 50 Mass.App.Ct. 116, 117 (2000). In determining whether the plaintiff has satisfied his burden, all uncontroverted facts in the materials submitted before this Court are accepted as true. Windsor v. Windsor, 45 Mass.App.Ct. 650, 653 (1998). “Whether jurisdiction will be found is a determination sensitive to the particular facts of each case.” Morrill, 390 Mass. at 129; Windsor, 45 Mass.App.Ct. at 652.
I. Massachusetts Long Arm Statute
Under the Long-Arm statute, “[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action . . . arising from the person’s (a) transacting any business in this commonwealth . . .” G.L. ch. 223A, §3 (2000). Massachusetts courts construe the term “transacting any business” broadly. Tatro, 416 Mass. at 767. “Although an isolated (and minor) transaction with a Massachusetts resident maybe insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.” Id. Courts have held that participating in negotiations within the forum state regarding important contract terms permits a court to exercise personal jurisdiction over entities outside the forum state. United Electric Radio & Machine Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992) (citing Complete Concepts, Ltd. v. General Handbag Corp., 880 F.2d 382, 388-89 (11th Cir. 1989)); Haddad v. Taylor, 32 Mass.App.Ct. 332, 335 (1992) (holding that the defendant transacted business in the Commonwealth when he negotiated a sale of land over the telephone with the plaintiff, plaintiffs attorney, and a Massachusetts real-estate broker whom defendant hired). Massachusetts courts have also found that a defendant transacted business in the Commonwealth by "intentionally initiat(ing) a relationship that it understood would involve, and did in fact involve over a period of time, multiple contacts with [a] Massachusetts-based organization.” Sonesta International Hotels Corp. v. Central Florida Investments, Inc., 47 Mass.App.Ct. 154, 160 (1999). Actual physical presence of a defendant in the forum is not required to acquire personal jurisdiction under the Massachusetts long-arm statute. Good Hope Industries, Inc. at 11 (holding that defendant had sufficient contacts with Massachusetts to satisfy the long-arm statute where he sent periodic appraisal reports to the plaintiffs office in Massachusetts over the course of one year, frequently called the plaintiff in Massachusetts, mailed monthly invoices over a period of seventeen months and regularly accepted payments from the plaintiffs bank in Massachusetts).
Baystate is a Massachusetts corporation. Papa Gino’s corporate offices were located in Massachusetts at the time of the negotiations which led to the execution of the sublease and the guaranty. Letters were sent and telephone calls were made to and from Massachusetts in furtherance of these negotiations. Brue personally guaranteed Baystate’s obligations to Papa Gino’s corporation. The evidence is sufficient to establish that he “transacted business” in the Commonwealth and therefore, the plaintiff has satisfied its burden under G.L.c. 223A, §3(a).
II. Due Process Requirements
The court’s exercise of personal jurisdiction must be consistent with traditional notions of due process. Sonesta Int’l Hotels Corp. v. Central Florida Investments, Inc., 47 Mass.App.Ct. 154, 162 (1999). Jurisdiction is proper under the Due Process clause of the Fourteenth Amendment if the defendant has “ ‘minimum contacts’ with the forum state such that maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” Digital Equipment Corp. v. Alta Vista Tech., Inc., 960 F.Sup. 456, 468 (D.Mass. 1997), (citing International Shoe Co. v. Washington, 326 U.S. 310, 314 (1945)). The defendant’s actions must purposely avail him or her of the “privilege of conducting activities within the forum state, thus invoking the benefit and protections of its laws.” Sonesta Int’l Hotels Corp., 47 Mass.App.Ct. at 162 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The final factor is whether the exercise of jurisdiction is reasonable, and whether the defendant should be able to “reasonably anticipate being haled into court [in the forum].” World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). Factors relied on to determine the reasonableness of the exercise of jurisdiction are: “(1) the defendant’s burden of appearing; *208 (2) the forum state’s interest in adjudicating the dispute; (3) the plaintiffs interest in obtaining convenient and effective relief; (4) the judicial system’s interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.” United States v. Noonan, 135 F.3d 85, 89 n.2 (1st Cir. 1998).
The guaranty was negotiated via letters sent and calls placed to and from Massachusetts. It states that it is governed by Massachusetts law. Brue availed himself of the privilege of conducting business in Massachusetts and invoked the benefit of its laws. The Court’s exercise of jurisdiction over Brue does not offend the Due Process clause. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 480-81 (1985).[1]
It is the defendant’s burden to demonstrate unreasonableness of the exercise of jurisdiction. Sonesta International Hotels Corp., 47 Mass.App.Ct. at 162. Brue has failed to show that litigating in Massachusetts would be unduly burdensome. He enters the jurisdiction frequently. He owns businesses here. Many of the witnesses in the case are in Massachusetts. Although the property is in Connecticut, it is undisputed that Baystate continued to occupy the premises after the sublease expired. Brue agreed that Massachusetts law would govern the guaranty demonstrating both a subjective and objective manifestation of an anticipation of being haled into court. Sonesta Int’l Hotels Corp., 47 Mass. at 162-63 (finding self-elected involvement with the forum state evidence of reasonableness of court’s exercise of jurisdiction).
II. Forum Non Conveniens
Massachusetts General Law eh. 223A, §5 (2000 ed.) provides that ”[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition that may be just.” While the personal jurisdiction analysis focuses upon the court’s power, the doctrine of forum non conveniens addresses the court’s discretion. Kearsage Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 168-69 (1981). The Supreme Judicial Court has stated a strong preference for allowing a plaintiff the right to choose his or her forum. W.R. Grace & Co. v. Hartford Acc. and Indem. Co., 407 Mass. 572, 577 (1990).
A plaintiffs choice of forum “should rarely be disturbed on forum non conveniens grounds unless the balance of both private and public concerns strongly favors defendant’s motion.” Green v. Manhattanville College, 40 Mass.App.Ct. 76, 79 (1996). The defendant must sustain the burden of proving that the circumstances tip this balance so strongly in its favor that the court should deny the plaintiff its right to bring the claim in Massachusetts. Walton v. Harris, 38 Mass.App.Ct. 252, 258 (1995). “The balancing decision is not governed by formula but ‘depends greatly on the specific facts of the proceeding.’ ” W.R. Grace & Co., 407 Mass. at 577. Both public and private concerns must strongly compel the conclusion that the suit is best heard elsewhere. Walton, 38 Mass.App.Ct. at 257. The private factors include the ease of access to proof, the availability of compulsory process, and the cost of attendance of witnesses. W.R. Grace & Co., 407 Mass. at 578. Factors of public interest include administrative burdens caused by litigation that has its origins elsewhere and the desirability of the trial of a case in a forum that is at home with the governing law. Id.
Applying these rules, Massachusetts is an appropriate forum to hear this case. Compare Kearsage Metallurgical Corp., 383 Mass. at 168 (upholding trial court’s refusal to dismiss despite the fact all parties, all evidence, and the situs of the claim were in New Hampshire and New Hampshire law applied) with Joly v. Albert Larocque Lumber Ltd., 397 Mass. 43, 44 (1986) (upholding dismissal where all parties, all evidence, the situs of the claim, and the law of the case were in Canada). Any out-of-state witnesses will be from Vermont and Connecticut — states that directly border Massachusetts. Compare Walton, 38 Mass.App.Ct. at 253 (reversing dismissal of action on grounds of forum non conveniens even though witnesses would be required to travel from Florida).
The sole issue tending to favor defendant’s position is the fact that this Court will apply Connecticut law in interpreting the parties’ respective obligations under the lease and in adjudicating the alleged violation of Connecticut’s Unfair Trade Practices Act. This factor alone does not warrant disturbing plaintiffs choice of forum. Kearsarge Metallurgical Corp., 383 Mass. at 169.
ORDER
It is hereby ORDERED that Defendants’ motion to dismiss be and hereby is DENIED. The Court further orders that the tracking order be amended to extend the discovery deadline until September 28, 2001 and adjust all other dates accordingly.

 In determining whether the exercise of jurisdiction will offend due process, a court may also consider forum contacts by the defendant unrelated to the transaction giving rise to the lawsuit. Tatro, 416 Mass. at 772, n.6; Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1999) (applying Massachusetts law) (General jurisdiction may exist where the “litigation is not directly founded on the defendant’s forum-based contacts, but the defendant has nonetheless engaged in a continuous and systematic activity, unrelated to the suit, in the forum state”). In this regard, Papa Gino’s has submitted extensive evidence Brue is involved in numerous corporations chartered and doing business in Massachusetts. He enters the Commonwealth approximately six times a year for business purposes. He founded and operates Brueger’s, which has thirty-six stores in the Commonwealth.