Tucker, Richard T., J.
The plaintiff, Worcester Envelope Company, has brought this action for breach of contract and quantum meruit against the defendant, Universal Printing, Inc., alleging that Universal failed to pay for $31,385.80 worth of envelopes that it received from Worcester Envelope. This matter is now before the court on Universal’s motion to dismiss based on lack of personal jurisdiction and forum non conveniens.[1]
FACTS
Universal is a company based in Quebec, Canada that obtains and distributes printed materials for its customers. It does not maintain offices in the United States, and its transactions with Worcester Envelope have been Universal’s only contact with Massachusetts. All of these transactions were negotiated via fax. Although Worcester Envelope states that Universal’s president visited Massachusetts twice, Worcester Envelope does not allege that these visits included negotiations.
One of Universal’s customers was a company called PROCITE, also located in Quebec. PROCITE was a valuable customer for Universal, ordering approximately $700,000 worth of advertising envelopes every year. Universal had contracted with an unrelated third-party company to print these envelopes; that *647 company contacted Worcester Envelope to do the manufacturing. In an attempt to cut out the third-party middleman, Worcester Envelope contacted Universal directly to solicit their business, promising better service at a cheaper price.
Universal accepted this solicitation and placed several orders with Worcester Envelope over the next year. Each time the printed envelopes were ready to be delivered, Universal hired a third-party shipping company based in Quebec (E&W Transport) to pick up the envelopes from Worcester Envelope’s factory in Auburn, Massachusetts and transport them to PROCITE in Quebec.
According to Universal, the envelopes delivered in August and September 2010 were defective. More than half the envelopes in the August order were incorrectly glued on the right side, causing them to jam in PROCITE’s machines. Many were also manufactured to the wrong size, an eighth-inch longer than is required by Canada Post. The September order was printed in the wrong colors, and an important advertising message was unreadable. When these latter problems were noted in the first shipment of September, Worcester Envelope claimed to have corrected the problem. However, the rest of September’s order was delivered with the same defects.
These defects followed a complaint by PROCITE about the quality and print color of envelopes that had been delivered the preceding January. At that time, PROCITE had deducted $18,000 from its invoice with Universal, and Universal had absorbed that cost. As a result of the August and September defects, PROCITE terminated its contract with Universal.
The August and September 2010 purchase orders totaled $31,385.80. Universal has allegedly refused to pay this amount, and Worcester Envelope has therefore brought this action for breach of contract and quantum meruit.
Personal Jurisdiction
This Court may exercise personal jurisdiction over a nonresident defendant transacting business in the Commonwealth, pursuant to the longarm statute, G.L.c. 223A, §3, if that defendant has taken some act “by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 152-53 (1978).
On this record, there are insufficient facts to find personal jurisdiction over Universal. Universal does not maintain any offices in the United States, and has never transacted business with a Massachusetts company apart from the relationship at issue here. And these parties’ business relationship arose when Worcester Envelope solicited Universal from Massachusetts, not vice versa. Neither party has identified the original third-party middleman—the company from whom Worcester Envelope learned about Universal—or where that company is located. There is also little information on the record about F&W Transport, the company hired by Universal to deliver the envelopes from Massachusetts to PROCITE in Canada. Both parties agree that F&W is based in Canada, but nothing else is stated, including the delivery logistics. Not even the currency that was used between Worcester Envelope and Universal is specified.
Worcester Envelope alleges that Universal’s president, Judy Goldfinger, twice visited its factory in Auburn, Massachusetts and met with the business-development manager to review Universal’s orders. However, Universal’s motion included an affidavit from Ms. Goldfinger stating that none of the negotiations or orders were made in Massachusetts. Worcester Envelope does not dispute this statement. The record does not include the dates of Ms. Goldfinger’s visits, itineraries, or details of what was discussed. If anything substantive did occur, it is not reflected in this record.
“Confronted with a motion under Mass.R.Civ.P. 12(b)(2), a plaintiff has the burden of establishing the facts upon which the question of personal jurisdiction over a defendant is to be determined.” Droukas, 375 Mass. at 151 (citation omitted). Worcester Envelope has not sustained its burden on the record before this Court. Accordingly, Universal’s motion must be allowed.
Forum Non Conveniens
Universal has also moved for dismissal on the ground of forum non conveniens. See G.L.c. 223A, §5. The court may dismiss a case when it “finds that in the interest of substantial justice the action should be heard in another forum...” Id. The decision to refuse to hear a case based on forum non conveniens is left to the trial judge’s discretion, Kearsarge Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 168 (1981), but the Supreme Judicial Court has identified certain factors for the judge to consider—access to sources of proof, availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and the enforceability of a judgment if one is obtained. Joly v. Albert Larocque Lumber Ltd., 397 Mass. 43, 44 (1986) (affirming dismissal on forum non conveniens where Canadian forum would be more convenient), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).
On the facts before this Court, PROCITE’s appearance seems to be necessary to this case. It was PRO-CITE, not Universal, that actually received and inspected the envelopes and discovered their alleged defects. PROCITE withheld $18,000 from Universal in January 2010 because of printing defects attributed to Worcester Envelope. PROCITE ultimately cancelled its contract with Universal because of printing defects attributed to Worcester Envelope. Yet Universal can *648 not compel PROCITE to appear to substantiate any of these facts in a lawsuit in Massachusetts.
Moreover, if Worcester Envelope were successful in obtaining a judgment against Universal, enforcing that judgment would require Worcester Envelope to resort to a Canadian court. As noted above, Universal has no offices or assets in the United States. A Massachusetts court could issue a judgment against Universal, but could not effect it.
Additional factors either favor litigation in Canada (e.g., F&W Transport is also based in Quebec) or else balance (e.g., one party or the other will need to travel to a foreign jurisdiction). Ultimately, this Court finds that there is an alternate forum available to the parties in the Canadian courts,[2] and in the interest of substantial justice, that those Canadian courts are the more appropriate forum for Worcester Envelope’s claim.
ORDER
For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED.

Universal also moved for dismissal pursuant to Mass.R.Civ.P. 12(b)(5) for improper service of process, arguing that Article 2 of the Hague Convention requires that a complaint served upon a defendant in Quebec must be translated into French. Worcester Envelope admits that it did not serve Universal with a French translation, but argues that Article 2 does not require a translation where the recipient understands English. Because the jurisdictional analyses render this issue moot, it will not be addressed herein.

Universal represented in both its memorandum on this motion and at oral argument (although not via affidavit) that Canadian courts provide adequate recourse for Worcester Envelope’s claim. Worcester Envelope did not deny this.