M.K. vs. D.B., 102 Mass. App. Ct. 183

 
 M.K. vs. D.B.

102 Mass. App. Ct. 183
 November 10, 2022 - January 18, 2023

Court Below: Superior Court, Dukes County
Present: Milkey, Henry, & Shin, JJ.

 

No. 22-P-141.

Jurisdiction, Forum non conveniens. Practice, Civil, Dismissal, Appeal, Notice of appeal. Constitutional Law, Self-incrimination.

This court's review of a civil action on appeal was not limited to whether the Superior Court judge abused his discretion in denying the plaintiff's motion for reconsideration of an order allowing the defendant's motion to dismiss, where it was reasonably clear that the plaintiff, in appealing "from" the denial of her motion, intended to appeal with respect to the underlying judgment, and not just the denial of her motion. [186-187]

In a civil action in which the plaintiff sought damages arising out of the defendant's alleged rape of her in Massachusetts, the Superior Court judge erred in allowing the defendant's motion to dismiss the complaint on the ground of forum non conveniens, where the defendant's interest in avoiding a pending criminal prosecution in Massachusetts for the alleged rape was not a legally cognizable concern for determining whether to defer to the alternative forum of France; however, this court remanded the matter for consideration whether the balance of other private and public concerns strongly favor leaving the plaintiff to pursue her claims in France. [188-194]

Civil action commenced in the Superior Court Department on July 13, 2020.

 A motion to dismiss was heard by Mark C. Gildea, J., and a motion for reconsideration was also heard by him.

 Robert D. Moriarty for the plaintiff.

 Nathalie K. Salomon for the defendant.

 MILKEY, J. The parties are married, but they are in the process of divorcing. The plaintiff (wife) alleges that the defendant (husband) raped her on three occasions, twice in Paris, France (where the couple lived), and once in Martha's Vineyard (where they were vacationing). Based on those allegations, she commenced a civil action in Massachusetts seeking damages for assault, battery, and intentional infliction of emotional distress. On the husband's motion, a Superior Court judge dismissed the wife's complaint in its entirety on various grounds. With respect to those 

 Page 184 

claims that are based on the alleged Martha's Vineyard rape, the judge concluded that French courts provided a better forum for litigating those claims, and he therefore dismissed them on the ground of forum non conveniens. See G. L. c. 223A, § 5. In reaching that conclusion, the judge relied in part on the fact that the husband faced criminal charges for the alleged Martha's Vineyard rape. For the reasons discussed infra, we conclude that the judge erred in relying on that fact. We thus vacate so much of the judgment as dismissed the wife's claims that are based on the alleged Martha's Vineyard rape and remand for reconsideration of that issue.

 Background. The parties married in Costa Rica in 2007, and then again in Paris the following year. The husband filed for divorce in a French court on July 3, 2017, but he withdrew that complaint some two months later because the couple was attempting to reconcile. The alleged Martha's Vineyard rape took place shortly after the husband initially filed for divorce. 

 On March 21, 2018, the husband refiled for divorce in France, and the parties have been embroiled in contentious divorce proceedings there ever since. By order dated April 3, 2019, the wife obtained legal custody of the couple's two children, but the husband filed an emergency appeal. Three days before the scheduled hearing in that appeal, the wife moved to California and took the children with her. A French appellate court ruled in the husband's favor, awarding temporary custody of both children to him in France. By all accounts, the couple has maintained this precarious posture for the last several years, with the wife continuing to reside in California but with rights to visit the children, who now live in Paris. 

 On July 13, 2020, the wife commenced the current civil action in the Superior Court. It is based on three rapes that she alleged occurred years earlier: May 16, 2017 (Paris), June 5, 2017 (Paris), and July 13, 2017 (Martha's Vineyard). Subsequently, a criminal complaint and arrest warrant issued in the District Court based on the alleged Martha's Vineyard rape. At the time the judge dismissed this civil complaint, the Massachusetts criminal case remained open but the husband had not yet been arraigned. At oral argument, the parties reported that the husband has since voluntarily surrendered and was released on bail at arraignment in October of 2022. According to the parties, a probable cause 

 Page 185 

hearing was scheduled for January of 2023. [Note 1] 

 Meanwhile, in the Massachusetts civil action, the husband moved to dismiss the complaint. With respect to those claims that were based on the alleged Paris rapes, the judge ruled, inter alia, that the applicable three-year tort statute of limitations had run and that, in any event, the court lacked personal jurisdiction over the husband as to those claims. The wife is not challenging those rulings in this appeal. 

 With respect to the claims based on the alleged Martha's Vineyard rape, the husband argued that the wife could raise her claims in France, either in the ongoing divorce proceedings or as stand-alone claims brought pursuant to art. 1240 of the French Civil Code. He additionally argued that allowing the Massachusetts suit to go forward while the parallel criminal case was pending would put him in an untenable position for two reasons. First, he asserted -- prior to his voluntary surrender -- that he could not defend the criminal action in person without subjecting himself to arrest. Second, he pointed out that if the civil action proceeded, he would have to choose between waiving his rights pursuant to the Fifth Amendment to the United States Constitution in that case (with the effect that any admissions he made could be used against him in the criminal case), or asserting his Fifth Amendment rights (with the result that a fact finder in the civil case could draw adverse inferences). The judge found "that the balance of private and public concerns strongly favors allowance of the [husband's] motion" and ruled in his favor. [Note 2] 

 The wife then filed a timely motion for reconsideration. In that 

 Page 186 

motion, she reasserted that regardless of whether the pendency of the criminal case put the husband in a difficult position, that was not a valid consideration for dismissing her civil complaint. She also argued that if the civil complaint were dismissed in favor of her having to pursue these claims in a French court, the dismissal should be conditioned on the husband's waiving certain defenses in the new French action. [Note 3] The judge denied the wife's motion, and in the key passage of his order, he explained his reasoning as follows:

"The plaintiff may disagree with the court's ruling of there being an alternative forum in which justice may be had, but the motion for reconsideration simply refers back to the affidavit of [the wife's French attorney] and offers nothing new on this issue. Without newly discovered evidence, a development of relevant law, or the plaintiff persuading the court of particular and demonstrable error, which has not occurred, the plaintiff's remedy is with the Appeals Court." 

The wife promptly filed her notice of appeal. 

 Discussion. 1. Scope of the appeal. Before turning to the merits, we need to address a threshold issue regarding the scope of the appeal. The wife's notice of appeal stated that she was appealing "from" the order denying her motion for reconsideration, without ever mentioning the underlying judgment. Based on 

 Page 187 

this, the husband argues that the wife appealed only the postjudgment order denying her motion for reconsideration, not the judgment itself or the allowance of the husband's motion to dismiss (the order on which the judgment rests). Hence, according to the husband, our review is limited to whether the judge abused his discretion in denying the motion for reconsideration. See Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470-471 (2012) (Audubon Hill) (discussing standard of review of denial of motion for reconsideration).

 The wife's filing of the notice of appeal was the first action taken in the wake of the judge's statement that the wife's proper remedy was not to pursue her motion for reconsideration but instead was "with the Appeals Court." Especially in this context, we think it reasonably clear that in appealing "from" the denial of her motion for reconsideration, the wife intended to appeal the underlying judgment, not just the denial of her motion. See Guardianship of Kelvin, 94 Mass. App. Ct. 448, 451 n.8 (2018) (where notice of appeal stated that mother appealed "from" one decree but not judgment, "[u]nder the circumstances, it is evident that, notwithstanding the imprecise notice, the mother appealed from both the judgment of dismissal and the decree issued regarding visitation"). [Note 4] But even if the improvident drafting of the notice of appeal limited the wife to claiming error only with respect to her motion for reconsideration, this would not preclude us from reaching the underlying merits. One of the grounds on which a losing party properly may file a motion for reconsideration is when there is "a particular and demonstrable error in the original ruling or decision." Audubon Hill, 82 Mass. App. Ct. at 470. For the reasons set forth infra, we believe that the wife raised such error in her motion for reconsideration, and the judge thus abused his discretion in denying that motion. Indeed, this is one of those instances where "the consequences of the loss of rights to appeal from the underlying judgment are not very significant." Baxter v. Board of Appeals of Barnstable, 29 Mass. App. Ct. 993, 994 (1990) (although appellant appealed from only denial of Mass. R. Civ. P. 59, 365 Mass. 827 [1974], motion, that motion raised same legal issue as underlying judgment). 

 Page 188 

 2. Forum non conveniens. The governing statute states as follows: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." G. L. c. 223A, § 5. Consistent with the nominal breadth of such language, the cases establish that "[a] decision whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the court." W.R. Grace & Co. v. Hartford Acc. & Indem. Co., 407 Mass. 572, 577 (1990), citing Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303, 316 (1933). Nevertheless, the cases also state that forum non conveniens is a doctrine that "must be applied with caution," Joly v. Albert Larocque Lumber Ltd., 397 Mass. 43, 44 (1986), and that dismissal "will rarely be granted" where jurisdiction and venue are proper, Gianocostas v. Interface Group-Mass., Inc., 450 Mass. 715, 723 (2008), quoting Kearsarge Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 169 (1981).

 To prevail on forum non conveniens grounds, a defendant must make two showings. The first is that there is an alternative forum where the plaintiff's claims could be pursued. See Gianocostas, 450 Mass. at 723. The second is that "the balance of private and public concerns strongly favor" that alternative forum. Id. See W.R. Grace & Co., 407 Mass. at 578-579. We address these issues in order.

 The parties have fiercely debated whether the wife could, in one manner or another, bring a claim in France based on the alleged Martha's Vineyard rape. [Note 5] We are persuaded by the husband's arguments that the wife could bring in France a claim for money damages based on this claim. [Note 6] In fact, now with her 

 Page 189 

Massachusetts civil complaint having been dismissed, she is pursuing such a claim as part of the divorce proceedings in France, and nothing suggests that in defending that claim, the husband is arguing that the French court is an improper forum for her to do so. 

 With the husband's having shown that an alternative forum exists, the question then becomes whether the judge erred in concluding that the husband also demonstrated "that the balance of private and public concerns strongly favors" leaving the wife to pursue her claims in France. Relevant private concerns typically include such factors as "the practical problems that do or do not make a trial easy, expeditious, and inexpensive, such as the ease of access to proof, the availability of compulsory process, and the cost of attendance of witnesses." W.R. Grace & Co., 407 Mass. at 578. Relevant public concerns typically include such factors as judicial economy, the relative competence of each potential forum with regard to applying the relevant body of law, and the strength of any interest Massachusetts may have in having the claims adjudicated here. See Gianocostas, 450 Mass. at 727; W.R. Grace & Co., supra at 578-579.

 As noted, the judge relied in large part on the difficulties the husband would face in having to defend the current action while the Massachusetts criminal case was pending. [Note 7] The judge appears to have accepted the husband's argument that he could not fairly defend the wife's civil action in Massachusetts, because this would place his liberty at risk. Passing over whether this premise is in fact true, we conclude that it is not a legitimate consideration. The husband has been charged with committing a crime in Massachusetts, and Massachusetts has an interest in bringing that case to appropriate closure regardless of the potential ramifications for the husband's freedom. Stated differently, although the 

 Page 190 

husband certainly may have a personal interest in avoiding criminal prosecution in Massachusetts, that is not a legally cognizable concern for determining whether to defer to an alternative forum. The existence of the criminal prosecution does not make the forum for the parallel civil case any less convenient. [Note 8]

 None of this is to suggest that the pendency of the Massachusetts criminal case therefore has no bearing on whether the Massachusetts civil case goes forward. To the contrary, we agree with the judge insofar as he recognized that the pending criminal proceeding presented the husband with a conundrum whether to assert his Fifth Amendment privileges in the civil case. See United States Trust Co. v. Herriott, 10 Mass. App. Ct. 313, 316-317 (1980) (describing predicament of defendant who faces parallel criminal and civil proceedings). See also Singh v. Capuano, 468 Mass. 328, 333 (2014) (recognizing defendant's "difficult choice between testifying in the [G. L.] c. 209A case or asserting his privilege against self-incrimination"). [Note 9] This is why in the event of parallel criminal and civil cases, the civil action often will at least partially be stayed until the criminal case has concluded. See id. (discussing relevant factors to be considered in deciding whether to stay civil case where there is parallel criminal proceeding). See also Green v. Cosby, 177 F. Supp. 3d 673, 681 (D. Mass. 2016) (granting partial stay of discovery in civil case to "avoid the Fifth Amendment predicament"). Contrast Singh, supra (although defendant's "difficult choice between testifying in the [G. L.] c. 209A case or asserting his privilege against self-incrimination" was recognized, plaintiff "was nevertheless entitled to a prompt evidentiary hearing on her claim under c. 209A").

 If directing the wife to pursue her civil claims in France in fact would have solved the particular conundrum that the husband faced, then we would face the question whether the judge legitimately could have considered this as one factor in the forum non conveniens calculus. However, the premise is flawed: the husband 

 Page 191 

has not shown how the wife's being left to pursue her civil claims in France actually would alleviate his predicament. That is because admissions he made in the civil proceedings in France presumably could be used against him in the pending criminal proceeding in Massachusetts. [Note 10]

 To be sure, we do not know the scope of any privilege against self-incrimination that the husband might enjoy in France, an issue the parties did not brief and the judge did not consider. For all we know, it may be that a French court could compel testimony from the husband in the civil proceeding in a manner that could not be done in Massachusetts. But to the extent that that is true, it would appear to place the husband in a decidedly worse predicament with respect to the pending Massachusetts criminal case. After all, if the wife's Massachusetts civil complaint were not dismissed, the husband at least would have the choice whether to assert his Fifth Amendment rights in that case (or, in the alternative, pursue a stay). [Note 11]

 For these reasons, we conclude that the judge erred in looking to the pending Massachusetts criminal case as a factor supporting the dismissal of the wife's civil case. However, the question remains whether the doctrine of forum non conveniens should be invoked based on other "private and public concerns." If the relevant concerns obviously favored one forum over the other, we perhaps could resolve that issue ourselves. Cf. Prenaveau v. Prenaveau, 75 Mass. App. Ct. 131, 143 (2009) (where trial court judge has committed error in making discretionary decision regarding custody or removal of children, appellate court should remand instead of resolving those issues itself unless "evidence before [the court] on appeal 'convincingly establishes' that [a particular] result is correct" [citation omitted]). As discussed infra, there is no obvious answer to the question whether to leave the wife to pursue her claims solely in the French court system, and we therefore remand the forum non conveniens issue for reconsideration. Cf. Marengi v. 6 Forest Rd. LLC, 491 Mass. 19, 35 (2022) (after clarifying what governing principles apply to discretionary ruling for ordering appellate bond in particular context, concluding that remand is necessary because even though judge's specific ruling "may have been justifiable here, 

 Page 192 

the judge did not have the benefit of this decision, and we cannot discern from the ruling how the judge applied his discretion"). We offer the following additional comments for consideration on remand.

 There are a number of factors that potentially weigh in favor of leaving the wife to pursue her civil claims in France. Neither party lives in Massachusetts or has any demonstrated significant ties here. Rather, they both still have strong ties to Paris, where the husband lives and the wife visits her children. It is also undisputed that the parties have been involved in the ongoing Paris-based divorce litigation for several years, and it follows that perhaps judicial economy interests would be served by integrating the Martha's Vineyard rape allegations into those proceedings. [Note 12] Finally, we note that while the judge's written ruling did not expressly address the key consideration of where the potential witnesses in the wife's case are located, the pleadings and record suggest that the parties themselves may be the only significant relevant witnesses. [Note 13] 

 However, there are also concerns cutting in the other direction. In particular, we agree with the wife that Massachusetts has an interest in holding accountable people who commit tortious conduct in Massachusetts and in having those who suffer such conduct be compensated. See Gianocostas, 450 Mass. at 727. See also Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 476 (2018) (Hernandez). Relatedly, Massachusetts has an interest in having claims for alleged torts committed in 

 Page 193 

Massachusetts resolved under Massachusetts law. [Note 14] And it is fair to presume that a Massachusetts "court is at least as capable as a [French] court to hear this matter and fairly decide it." Hernandez, supra at 475.

 The current record stands underdeveloped on these issues. The arguments that the parties made to the judge suggest that they both believed that French courts necessarily would look to French law in resolving the wife's claims. [Note 15] However, when both parties were pressed at oral argument on what body of law a French court would apply if the wife's claims were heard in France, neither was able to shed any light. If French courts indeed were to apply French law to the wife's claims based on the alleged Martha's Vineyard rape, and the choice of French law would make a material difference (including, e.g., by significantly limiting her potential recovery), that would be a factor weighing against dismissal of the wife's Massachusetts case. At the same time, the mere fact that a foreign jurisdiction might present a less favorable forum is not by itself dispositive. See Gianocostas, 450 Mass. at 725, citing Gianocostas v. RIU Hotels, S.A., 59 Mass. App. Ct. 753, 758 (2003). See also W.R. Grace & Co., 407 Mass. at 583. [Note 16] 

 For the reasons set forth above, we vacate so much of the judgment as dismisses claims that are based on allegations that the husband raped the wife on Martha's Vineyard, and we remand this matter for further proceedings consistent with this opinion. [Note 17] 

 Page 194 

We affirm the judgment in all other respects. 

 So ordered.

FOOTNOTES
[Note 1] It appears that a criminal investigation regarding the alleged Paris rapes may have been opened in France, but there is nothing in the record to suggest that this has gone beyond a preliminary phase. 

[Note 2] The relevant portion of the judge's explanation in his decision states in its entirety as follows: 

"With respect to the G. L. c. 223A, § 5[,] forum non conveniens motion, considering the specific facts of the proceeding before me, including, but not limited to, that the 7/13/17 incident in Dukes County involves a plaintiff who then resided in Paris, France, and now resides in California, and a defendant who then and now resides in Paris, France; that the parties have been involved in continuous divorce proceedings in Paris, France, since at least March 2018 and have engaged in motion and appellate practice that culminated in a temporary order of custody of parties' children with the defendant, and the plaintiff having the right of visit; that what followed was a complaint to the Edgartown Police resulting in a 2020 criminal complaint against the defendant and an arrest warrant; that the defendant has significant interests in avoiding to have to choose between his liberty and waiving his Fifth Amendment rights, or effectively conceding the defense of the claim against him in the civil matter by invoking such rights and facing the resulting inference; and that the affidavits before me from attorneys in France show an alternative forum, albeit not the one where the plaintiff wants to be; the court finds that there is an alternative forum in which justice may be had, i.e.[,] where the parties are already involved in litigation, Paris[,] France, and that the balance of private and public concerns strongly favors allowance of the motion. The court declines to stay this action because of the prejudice, the potential of extended, if not unlimited, delay, and instead allows the defendant's motion to dismiss." 

[Note 3] Specifically, the wife requested that the husband be required to waive an argument that the French court lacked personal jurisdiction over him with respect to the alleged Martha's Vineyard rape, and to waive any argument that the new claims would be time barred, thus allowing the date of the original filing of the Massachusetts complaint to control. See Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 476 (2018) (affirming judgment dismissing complaint on forum non conveniens grounds, while concluding that "dismissal of [plaintiff's] claims ought to be conditioned on [defendant] affirmatively waiving any defenses available to him based on the applicable statute of limitations"). 

[Note 4] Unlike in Guardianship of Kelvin, 94 Mass. App. Ct. at 451 n.8, the husband here did challenge the notice of appeal as procedurally defective. However, he did not claim to have been misled by it, and he in any event fully addressed the merits. 

[Note 5] The wife suggests that even if she could pursue damages in France, this should not be considered an available alternative forum unless she could win comparable relief. While the extent of the relief she could seek in the respective forums may be a relevant consideration, see infra, the fact that a foreign jurisdiction may provide less generous potential relief does not by itself preclude it from being an available alternative forum. See, e.g., Minnis v. Peebles, 24 Mass. App. Ct. 467, 470 (1987). 

[Note 6] As noted, the parties were married in both Costa Rica and Paris. The wife argued below that the French marriage would be annulled since the parties already were married. In fact, subsequent to the dismissal of this case in the Superior Court, a French judge in the divorce proceedings ruled in her favor on that issue, and the parties report that that issue is now the subject of an interlocutory appeal filed by the husband. However that issue is resolved, we are unpersuaded by the wife's passing suggestion to us that the annulment of the French marriage means that only a Costa Rican court now could grant the parties a divorce. In fact, both parties have continued to proceed in the ongoing divorce proceedings as if French courts have the authority to grant a divorce from the Costa Rican marriage. In addition, the wife has done nothing to counter the husband's argument that she separately could pursue stand-alone tort claims in France. 

[Note 7] It is not clear whether the judge viewed this as a "private" concern specific to the husband, or as a "public" concern generally applicable to people in the husband's position. We need not resolve that taxonomic issue. 

[Note 8] It bears noting that pursuant to G. L. c. 258B, § 3 (u), victims of crimes have a statutory right to be informed of their ability to pursue a civil action. Implicit in the statute is legislative recognition that there often will be parallel civil and criminal cases. Implicit also is the concern that victims of crimes have an interest in the outcome of both the civil and criminal cases. 

[Note 9] The United States Supreme Court long ago established "the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). 

[Note 10] Moreover, as noted, there is at least the possibility of the husband's facing a criminal prosecution in France for the alleged Paris rapes. See note 1, supra. 

[Note 11] In fact, in his motion to dismiss, the husband requested a stay by way of alternative relief. 

[Note 12] We also note that the wife herself initially sought to have her claims based on all three alleged rapes brought in a single forum (albeit Massachusetts, not France). In addition, the judge's specific recitation of the facts suggests that he may have seen some substantive merit in having the wife's rape allegations considered in the same forum as the ongoing divorce proceedings. The husband argues that the wife made her rape allegations primarily to provide her leverage in the divorce proceedings. In reciting the facts, the judge pointedly indicated that the wife raised these allegations years after the rapes allegedly occurred and only after she lost custody of her children. 

[Note 13] As is generally true of alleged sexual assaults, there apparently were no other eyewitnesses to the Martha's Vineyard incident. At the hearing on the husband's motion, the judge pressed the wife's attorney about potential third-party witnesses to support the wife's allegations. In response, he stated that "the family members of the house where the [couple] was staying at the time" might be able to offer "background information, also any observations that they had made of the parties before and after the incident," and that the police who investigated the wife's allegations three years later might have relevant testimony to offer. 

[Note 14] We note that this is not a case where the plaintiff was injured in one jurisdiction, but some of the allegedly tortious conduct occurred in another. See Gianocostas, 450 Mass. at 727; Joly, 397 Mass. at 44-45. Here, the entire tort constituting the alleged Martha's Vineyard rape occurred within the confines of Massachusetts. 

[Note 15] The wife argued that she could obtain only token damages in France, although it is not clear whether she is arguing that as a matter of law or of custom. Although the husband argues with at least some force that the wife would have no right to punitive damages even in Massachusetts, he also appears to acknowledge that the wife still would have greater prospects for a higher recovery in Massachusetts if she could maintain her claims here and prove her case. 

[Note 16] In other words, the fact that an alternative forum might be less favorable to a plaintiff does not preclude it from being "available" to adjudicate the claim, but neither does it preclude us from considering whether there might be a public interest in avoiding such differential treatment. 

[Note 17] Especially now that the Massachusetts criminal case is once again active, it is also appropriate that the judge consider the husband's alternative requested relief of staying the wife's civil case. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.